FILED

2009 Jul-13  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOANN HALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:09-MC-1262-VEH** |
| | ) |
| **STERLITE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

---

## <u>MEMORANDUM OPINION AND ORDER</u>

This case comes before the court on Plaintiff JoAnn Hall's "Application under Section 706(f) of Civil Rights Act of 1964" (doc. 1). Hall seeks appointment of counsel and permission to proceed *in forma pauperis*, without payment of fees. For the reasons stated below, the court **GRANTS** Hall's motion to proceed *in forma pauperis*, but **DENIES** Hall's motion for appointment of counsel (doc. 1).

Additionally, for the reasons stated below, the court **ORDERS** Plaintiff Hall to file a Complaint suitable for service and in compliance with the Federal Rules of Civil Procedure **by Monday, August 10, 2009**.

## FACTS

Plaintiff Hall seems to assert a claim of discrimination against Defendant Sterlite Corporation ("Sterlite"), related to Sterlite's firing of Hall because of her

disability or perceived disability.  Hall represents she was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

The court must construe the filings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 595-96 (1972) (construing a pro se pleading, "however inartfully pleaded," broadly); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, by liberally construed."). Nevertheless, "pro se complaints also must comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Because Hall has not filed a Complaint suitable for service, the court **ORDERS** Hall to file a Complaint that complies with the Federal Rules of Civil Procedure.

## PROCEEDING *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) governs proceedings *in forma pauperis*. The statute provides that

2

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein without repayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . . Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court holds broad discretion to allow a case to proceed *in forma pauperis*.

In Hall's application, she claims approximately $5,393.00 in debt, including a car payment and credit card debt. She notes an approximate income of $330.00 per month. She claims to have $1.20 in her checking account.

Based on the information in her affidavit, the court **GRANTS** Hall's request to proceed *in forma pauperis*.

## APPOINTMENT OF COUNSEL

Plaintiff Hall also requests court-appointed counsel. "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The district court has broad discretion when determining whether to appoint counsel in a civil case. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). The Eleventh Circuit, however, has admonished that "[t]he appointment of counsel is . . . a privilege that is justified only by *exceptional circumstances*, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained

practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (emphasis added). Appointment of counsel would not be justified where "[t]he essential facts and legal doctrines [are] ascertainable without the assistance of court-appointed counsel." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Plaintiff Hall asserts a claim of discrimination based on disability or perceived disability under the Americans with Disabilities Act.   The court finds, in its discretion, that Hall's case is not "so novel or complex as to require the assistance of a trained practicioner." *Poole*, 819 F.2d at 1028. The court finds that the essential facts and legal doctrines involved in her case are ascertainable without the assistance of court-appointed counsel. The court, therefore, **DENIES** Plaintiff Hall's request for court appointed counsel.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Hall's motion to proceed *in forma pauperis*.

The court **DENIES** Hall's motion for appointment of counsel, because "exceptional circumstances" do not exist such that the appointment of counsel would be justified.

The court also **ORDERS** Hall to file a Complaint that complies with the Federal Rules of Civil Procedure **by Monday, August 10, 2009.**

**DONE** this the 13th day of July, 2009.


VIRGINIA EMERSON HOPKINS
United States District Judge